IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD STONE,<br><br>            Plaintiff,<br><br>vs.<br><br>MIKE LINDER,<br><br>            Defendant. | CV 23-96-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Chad Stone, a self-represented litigant, has filed a Complaint alleging violation of the Americans with Disabilities Act ("ADA"), denial of adequate medical care while he was detained at the Yellowstone County Detention Facility ("YCDF"), and violation of 42 U.S.C. § 1983. (Doc. 1.)

On July 10, 2024, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis. (Doc. 4.) The Court determined Plaintiff stated sufficient facts to allege a violation of the ADA for the purposes of prescreening. (*Id.* at 4-6.) But the Court found Plaintiff failed to sufficiently allege a Fourteenth Amendment claim for denial of medical care or a §1983 claim against Linder or Yellowstone County. (*Id.* at 6-9.) The Court, therefore, gave Plaintiff the opportunity to file an Amended Complaint by July 31, 2024. (*Id.* at 10-12.) The Court advised Plaintiff that if he failed to amend his Complaint, all of his claims

1

other than the ADA claim may be dismissed. (*Id.* at 11.) To date, however, Plaintiff has not submitted an Amended Complaint. Accordingly, the Court presumes Plaintiff intends to move forward solely on his ADA claim, and will, therefore, recommend dismissal of his other claims.

## RECOMMENDATION

Based upon Plaintiff's failure to comply with the Court's Order dated July 10, 2024 (Doc. 4), Plaintiff's Fourteenth Amendment claim for denial of medical care and his §1983 claim against Linder or Yellowstone County should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case is at an early stage, and the Complaint has not yet been served on Defendants. This factor weighs in favor of dismissal of Plaintiff's Fourteenth Amendment and §1983 claims because it will allow the case to move forward with respect to Plaintiff's ADA claim.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . .." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. By not filing an Amended Complaint by the deadline, Plaintiff has indicated he wishes to abandon the Fourteenth Amendment and § 1983 claims. Therefore, this factor favors dismissal of those claims.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's

3

actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served. As such, this factor is neutral.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Plaintiff was specifically advised in the July 10, 2024 Order that if he failed to file an Amended Complaint, his claims outside his ADA claim would be subject to dismissal. (Doc. 4 at 11.) Plaintiff chose not to amend his Complaint. The Court can envision no further alternatives to dismissal of the Fourteenth Amendment and § 1983 claims.

The last factor weighs in favor of dismissal because it will further the public policy favoring disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). By dismissing the inadequately pled Fourteenth Amendment and § 1983 claims, Plaintiff's remaining ADA claim will be able to go forward.

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's Fourteenth Amendment and § 1983 claims should be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Court should order that Plaintiff's Complaint and summons be served by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of March, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge