IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD STONE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MIKE LINDER, Yellowstone County Sheriff,<br><br>　　　　　　Defendant. | CV 23-96-BLG-TJC<br><br>**ORDER SETTING PRELIMINARY PRETRIAL CONFERENCE AND ASSOCIATED DEADLINES** |

This matter is at issue and is eligible for a preliminary pretrial conference under Rule 16(a) of the Federal Rules of Civil Procedure and Local Rules 16.1, 16.2. Accordingly,

**IT IS ORDERED:**

1.  Pursuant to Fed. R. Civ. P. 16(a), lead trial counsel for the respective parties, and any individual proceeding pro se, shall report to the Bighorn Courtroom, at the James F. Battin Federal Courthouse, 2601 2nd Avenue North, Suite 5500, Billings, Montana on **July 31, 2025 at 11:00 a.m.** for the purpose of participating in a preliminary pretrial conference. The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Counsel, and any individual proceeding pro se, should prepare to take part in meaningful discussions of material contained in the pretrial statements. The case management plan resulting from the preliminary pretrial conference is not subject

to revision absent compelling reasons.

2. Lead counsel, and any individual proceeding pro se, are expected to appear in person. Any out-of-town counsel who wish to appear by telephone for the conference rather than in person may do so. If out of town counsel elects to appear by telephone, they must file a notice indicating their intent to appear telephonically no less than seven (7) days before the conference.

If local counsel is unable to attend the conference in person, the Court will entertain motions to attend by telephone, provided any such motion is submitted no less than seven (7) days before the conference. The motion must certify that all parties have been contacted concerning the request to appear by telephone and state whether any opposing party objects.

If it is impossible for lead trial counsel, or for any party appearing pro se, to attend the preliminary pretrial conference at the time set, application for an extension must be made by motion no less than fourteen (14) days before the conference. Requests to change the conference will be granted for good cause shown.

3. On or before **July 10, 2025**, lead counsel for the respective parties, and any individual appearing pro se, shall confer to consider the matters listed in Fed. R. Civ. P. 26(f). On or before **July 24, 2025**, the parties shall file with the Court a written report outlining the joint discovery plan formulated at the Rule

26(f) conference.

4. Pursuant to Fed. R. Civ. P. 26(f)(3)(B), the parties will design the joint discovery plan to require simultaneous disclosure of all liability experts. Plaintiff's damages experts shall be disclosed on the same day. Defendant's damages experts shall be disclosed thirty days thereafter. Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B) on or before the deadline for disclosure. Discovery shall close thirty to sixty days after the deadline for disclosure of Defendant's damages experts. The parties should propose a date certain for the close of discovery. Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

5. Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.

6. On or before **July 24, 2025**, each party shall file a preliminary pretrial statement. The statement shall address all matters listed in L.R. 16.2(b)(1). The statement shall also include any issues relating to the disclosure or discovery of electronically stored information including (a) issues pertaining to the preservation of such information and (b) issues relating to the form or forms in which such information should be produced. *See* Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).

7. On or before **July 24, 2025**, Plaintiff shall separately file a Statement of Stipulated Facts to which all parties agree, pursuant to L.R. 16.2(b)(3).

8. All attorneys admitted to the Bar of this Court shall takes steps to register in the Court's electronic filing system ("CM/ECF"), and shall begin filing electronically as soon as possible. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. Any party not filing electronically is directed to include a disk in Word format that contains its preliminary pretrial statement and its pleading(s) (i.e., Complaint or Answer and Amended Complaint or Answer, etc.). If the joint discovery plan is not filed electronically, Plaintiff's disk must also include it.

9. Each party to the case must be represented at the pretrial conference by at least one person with authority to enter stipulations. Any individual proceeding pro se may not be represented by any other individual, and must represent him or herself at the conference.

10. The parties are advised that incomplete or inadequate information on the preliminary pretrial statement will be deemed an admission by the party that the matter is non-complex and may result in the case being set on an expedited trial docket.

DATED this 3rd day of June, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge