**Melissa A. Williams**
**Deputy Yellowstone County Attorney**
**Yellowstone County Courthouse**
**P.O.  Box 35025**
**Billings, Montana 59107-5025**
**(406) 256-2832**
**mwilliams@yellowstonecountymt.gov**

*Attorney for Mike Linder and Yellowstone County*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| CHAD STONE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.  CV 23-96-BLG-SPW-TJC |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE LINDER, | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MICHAEL LINDER'S** |
| Defendants. | ) | **MOTION FOR JUDGMENT ON** |
| _____ | ) | **THE PLEADINGS** |

### Introduction

Chad Stone, a former inmate at the Yellowstone County Detention Facility,

filed a complaint with the United States District Court for the District of Montana

against Michael Linder, the Yellowstone County Sheriff, that alleged while in the

Facility, the Facility violated his rights under the Americans with Disabilities Act.

ECF No. 1.

Linder filed an answer that admitted he was the Sheriff, he managed the Facility, Stone was an inmate in the Facility and prior to his admission to the Facility, Stone had a partial amputation of his right leg.  ECF No. 10.  Linder denied he violated any right of Stone under the Americans with Disabilities Act with his treatment of Stone in the Facility.  *Id.*

Linder filed a motion for judgment on the pleadings. ECF No. 15.  Linder files this brief in support of the motion.  Stone made an official capacity claim against Linder.  The official capacity claim against Linder is a claim against the County that employs Linder, not Linder. The real party is the County, not Linder.

## Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party must file a motion for judgment on the pleadings after the pleadings have closed and far enough before the trial as not to delay the trial. Fed. R. Civ. Proc. 12(c).  A court should grant a motion for judgment on the pleadings when it treats the factual allegations in the complaint as true, the complaint fails to articulate either a legal theory for relief or a factual basis for the legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (dealing with a motion to dismiss for failure to state a claim); § 1368 Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.). A court should use the same standard used to decide a motion for failure to state a claim upon which relief can be

granted to decide a motion for judgment on the pleadings. *Cafasso*, *United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). To avoid judgment on the pleadings, a complaint must articulate the elements of a claim and the facts to support the elements of the claim. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When a court considers a motion for judgment on the pleadings, it should only consider the information contained in the complaint or referenced by the complaint. Fed. R. Civ. Proc. 12(d). If the court considers information outside of the complaint or referenced by the complaint, it should convert the motion to a motion for summary judgment. *Id.*

## Complaint

The factual allegations in the complaint are Stone was in the Facility on criminal charges. ECF No. 1, p. 7. He had a partial amputation of his right leg. *Id.* The Facility would not provide him with a chair when he showered. Id. The Facility required him to sleep on the floor. *Id.* The Facility did not make the special shower for disabled inmates available to him. *Id.* Stone filed the complaint against Linder in his official capacity. *Id.* at p. 2.

## Americans with Disabilities Act

Pursuant to the Americans with Disabilities Act, a public entity cannot discriminate against a person because of a disability. 42 U.S.C. § 12132. A public entity, not an official of the public entity, should be sued for an alleged violation of

the Act.  42 U.S.C. § 12132; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002);

*Harper v. State*, 2025 WL 1029255, at *7, footnote 6 (C.D. Cal. Apr. 7, 2025); *LUIS*

*JUAREZ, CDCR #AI-3330, Plaintiff, v. JAMES HILL, Warden, et al., Defendants.*,

No. 24-CV-2315-MMA (LR), 2025 WL 1134609, at *5 (S.D. Cal. Apr. 16, 2025).

The elements of a claim under the Act are a person suffers from a disability, the

person was qualified for some benefit from the public entity, the public entity did

not provide the person with the benefit and the public entity did not provide the

benefit because of the person's disability. *Thompson v. Davis,* 295 F.3d 890, 895

(9th Cir.2002).    A plaintiff must prove intentional discrimination, deliberate

indifference, to receive monetary damages.   *Duvall v. County of Kitsap*, 260 F.3d

1124, 1138 (9th Cir. 2001); *Barrett v. Messer*, 2023 WL 9050992, at *3 (E.D. Cal.

Dec. 29, 2023), report and recommendation adopted, 2025 WL 950159 (E.D. Cal.

Mar. 28, 2025).  Deliberate indifference requires both knowledge that a harm to a

federally protected right is substantially likely and a failure to act upon that

likelihood.    *Id*.    A plaintiff must identify specific reasonable and necessary

accommodations that the defendant failed to provide and show that the failure of the

defendant to accommodate was more than negligent and involves an element of

deliberateness.  *Id.*  Emotional distress damages cannot be awarded.  *A.W. by &*

*Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1314 (11th Cir. 2024),

*cert. denied sub nom. A. W., by & through J. W. v. Coweta Cnty. Sch. Sys.*, 220 L.

Ed. 2d 384 (Jan. 13, 2025); *Jurgens v. Columbia Cnty.*, 2025 WL 563769, at *13 (D. Or. Feb. 20, 2025). Punitive damages cannot be awarded. *Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002). The prohibition against discrimination because of a disability applies to detention facilities. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017).

Stone filed the complaint against Linder in his official capacity. ECF No. 1 p. 2. The claim is against the County, the entity that employs Linder, not Linder. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (context of a 1983 action). An individual cannot be sued for a violation of the Act. 42 U.S.C. § 12132; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Harper v. State*, 2025 WL 1029255, at *7, footnote 6 (C.D. Cal. Apr. 7, 2025); *LUIS JUAREZ, CDCR #AI-3330, Plaintiff, v. JAMES HILL, Warden, et al., Defendants.*, No. 24-CV-2315-MMA (LR), 2025 WL 1134609, at *5 (S.D. Cal. Apr. 16, 2025). Only a public entity can be sued for the violation of the Act. *Id*.

## Conclusion

The Court should grant the motion of Linder for judgment on the pleadings. If the Court treats the factual allegations in the complaint as true, the complaint fails to state a claim against Linder. Under the Americans with Disabilities Act as to public entities, only an entity, not an individual, can be sued for a violation of the

Act.  The claim against Linder in his official capacity is a claim against the County, the entity that employs Linder, and not Linder.

### Certificate of Compliance

Pursuant to Rule 7.1(d)(2)(E) of the Local Rules of the United States District Court for the District of Montana, Melissa A. Williams, counsel of record for Michael Linder, certifies the word count of the brief is 1,116 words.  The word count excludes the caption, certificate of compliance, table of contents and authorities, exhibit index and certificate of service.

Dated this the 6th day of June 2025.

/s/ Melissa A. Williams
Melissa A. Williams
Deputy Yellowstone County Attorney

## Certificate of Service

I certify that on the date below I served a copy of the attached Brief in Support of Michael Linder's Motion for Judgment on the Pleadings on the following people by the following means:

 1,     CM/ECF
_____Hand Delivery
 2     Mail
_____Overnight Delivery Service
_____Fax
_____E-mail

1.    Clerk, U.S. District Court

2.    Chad Stone
      1106 West Park Suite 20-157
      Livingston, Montana 59047
      ogchadstone@gmail.com
      *Pro Se Plaintiff*

Dated this 6th day of June 2025.

                              /s/ Melissa A. Williams
                              Melissa A. Williams
                              Deputy Yellowstone County Attorney